IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| RAFAEL SANTOS REYES LOPEZ,<br>Petitioner,<br>vs.<br>PAMERLA BONDI, U.S. Attorney General, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement,<br>Respondents. | **0:26-cv-01014-SHL-LIB**<br><br>**ORDER** |

Petitioner Rafael Santos Reyes Lopez, a citizen of Columbia, was detained by Immigration and Customs Enforcement on January 27, 2026, and is now detained in El Paso, Texas. (ECF 1, ¶¶ 3, 4, 14, 32.) He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention. (Id., pp. 23-25.)

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "An exception is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, Civ. No. 26-213, 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026). Here, however, it is evident that Petitioner was in El Paso, Texas at the time he filed this petition; indeed, he alleges as much. (ECF 1, ¶¶ 4, 14.) Accordingly, the Court lacks jurisdiction over his petition and will *sua sponte* transfer it to the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.

Accordingly, it is ORDERED that this matter is TRANSFERRED to the United States District Court for the Western District of Texas.

Dated: February 4, 2026

Stephen H. Locher
UNITED STATES DISTRICT JUDGE